IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:09-CR-29-BR

GEORGE FREDERICK MCCLAIN,  )
                           )
Petitioner,                )
                           )                ORDER
     v.                    )
                           )
UNITED STATES OF AMERICA,  )
              Respondent.  )
                           )

This matter is before the court for initial review of petitioner's *pro se* "motion to reverse armed career criminal enhancement and grant a writ of habeas corpus pursuant to 28 USC §2241." (DE # 67.) See 28 U.S.C. § 2243; McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face . . . ." (citation omitted)).

By way of background, in October 2009, petitioner pled guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). In January 2010, the court sentenced petitioner to 180 months imprisonment under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e),[1] based on his North Carolina convictions for breaking, entering, and larceny (1965), selling cocaine (1989), and possession with intent to sell or deliver cocaine (1992).

---

[1] Under the ACCA, a defendant is an armed career criminal and subject to a fifteen-year mandatory minimum sentence if he violates 18 U.S.C. § 922(g)(1), and has three prior convictions for violent felonies or serious drug offenses, committed on occasions different from one another. 18 U.S.C. § 924(e)(1).
(DE # 60, at 2-3 (alteration in original).)

1

(Order, DE # 65, at 1 (citing PSR ¶¶ 6, 10, 12, 15, 42; 1/4/10 Tr., DE # 52, at 2-6.)) On petitioner's appeal from that sentence, the Fourth Circuit Court of Appeals affirmed, concluding that both of petitioner's prior drug convictions qualified as serious drug offenses for purposes of the ACCA and that his prior breaking and entering conviction qualified as a violent felony for purposes of the ACCA. (DE # 60.) Petitioner filed a petition for writ of certiorari, which the Supreme Court denied in March 2012.

Petitioner timely filed a 28 U.S.C. § 2255 motion in August 2012 claiming that his 1989 conviction was not a serious drug offense for purposes of the ACCA and that counsel was ineffective for failing to challenge it. (DE # 63, at 4-5.) Two months later, this court dismissed the § 2255 motion on initial review and denied a certificate of appealability. (DE # 65.)

On 27 August 2015, petitioner filed the instant § 2241 motion. On 14 December 2015, pursuant to Standing Order No. 15-SO-02, the Office of the Federal Public Defender filed a notice of appearance on behalf of petitioner for purposes of determining whether petitioner may qualify for post-conviction relief pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015). (DE # 68.) On 18 May 2016, petitioner, with the assistance of counsel, filed a motion under 28 U.S.C. § 2244 for an order authorizing this court to consider a second or successive motion under § 2255, seeking to challenge his sentence in light of United States v. Newbold, 791 F.3d 455 (4th Cir. 2015). In re: McClain, No. 16-831, DE # 2 (4th Cir.). On 1 June 2016, the Fourth Circuit Court of Appeals denied that motion. Id., DE # 14.

In his § 2241 motion, petitioner claims his breaking and entering conviction no longer qualifies as a predicate violent felony conviction for purposes of the ACCA in light of Johnson. As such, he attacks the legality, rather than the execution, of his sentence. A petitioner must

2

challenge the legality of his sentence under § 2255 unless the remedy under § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e) ("savings clause"); see Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010); In re Jones, 226 F.3d 328, 332–33 (4th Cir. 2000). "However, the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citations omitted).

Section 2255 is inadequate or ineffective to test the legality of a sentence when three conditions are met:

> (1) at the time of conviction, settled law of [the Fourth Circuit] or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d at 333–34. If such a showing is made, federal courts retain jurisdiction to hear the section 2241 petition. See id. at 333. Otherwise, a court must dismiss the habeas petition for lack of jurisdiction. Rice, 617 F.3d at 807.

Petitioner's claim does not fall within § 2255's savings clause. His claim is not based upon a contention that the conduct which led to his federal conviction is no longer criminal as a result of some change in the law. Instead, he challenges the basis for his being sentenced under the ACCA. The savings clause does not apply to a prisoner who argues only his innocence of a sentencing factor. See 28 U.S.C. § 2255(h)(1); Farrow v. Revell, 541 F. App'x 327, 328 (4th Cir. 2013) (per curiam) (concluding the petitioner's challenge to his armed career criminal status was not cognizable under § 2241). Therefore, petitioner cannot show that § 2255 is inadequate

3

or ineffective to challenge his sentence, and the court cannot consider his § 2241 motion.

Petitioner's motion is DISMISSED WITHOUT PREJUDICE. The court finds that petitioner has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). A certificate of appealability is DENIED. The Clerk is DIRECTED to serve a copy of this order on petitioner and close this case.

This 22 January 2018.

_____
W. Earl Britt
Senior U.S. District Judge